UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TREQKNIA BANNISTER                                        CIVIL ACTION

V.                                                        NO. 16-2830

ACE AMERICAN INSURANCE COMPANY, ET AL.                    SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is DENIED.

Background

This litigation arises out of a car accident in New Orleans.

On March 17, 2015, Treqknia Bannister was driving on I-10 at or near the I-610 split in Orleans Parish when a vehicle (owned by FLCO Trucking Company or Mississippi Line Company and operated by Joseph Taylor) allegedly improperly changed lines, striking Ms. Bannister's car.  On February 24, 2016, Bannister sued ACE American Insurance Company, FLCO Trucking Company, Mississippi Lime Company, Joseph Taylor, and State Farm Mutual Automobile Insurance Company (in its capacity as uninsured/underinsured motorist carrier) in state court.  On April 5, 2016, Mississippi Lime Company, FLCO Trucking Company, and ACE American Insurance Company

1

removed the case to this Court, invoking the Court's diversity jurisdiction. Ms. Bannister alleges that she "suffered severe and disabling injuries" in the accident and she seeks an award of monetary damages for "past physical pain and suffering, future physical pain and suffering, past, present, and future mental pain and suffering, past, present, and future medical expenses, loss of past and future earnings, loss of future earning capacity, past and future loss of enjoyment of life, permanent disability of the body, loss of consortium, and attorney's fees." The plaintiff now asks the Court to remand the case to Civil District Court in Orleans Parish.

I.

A.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id.

2

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset.  See 28 U.S.C. § 1441(a).  To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a)(1).  The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)(citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)).  Louisiana law requires that a plaintiff include "no specific amount of damages" in her prayer for relief.  La. Code Civ. Proc. art. 893.[1]

---

[1] But, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages[,]" then "a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).  "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  Luckett, 171 F.3d at 298.  If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales

4

de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds*, 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

II.

In support of her contention that the amount-in-controversy requirement is not met, the plaintiff submits a Stipulation as to Damages in which she "stipulates that the amount in controversy does not exceed the sum of $75,000.00, exclusive of interest and costs." The stipulation was filed along with the motion to remand

5

on April 18, 2016. The defendants counter that, at the time of removal, it was facially apparent from the plaintiff's petition that her claims, if proven at trial, would exceed $75,000 in value. Considering that the categories of damages alleged in her state court petition are substantial both in nature and quantity, the defendants submit that the plaintiff's post-removal stipulation regarding the amount-in-controversy is nothing more than a calculated attempt to deprive the Court of its original jurisdiction. The Court agrees.

The Court finds that it is facially apparent from the plaintiff's state court petition that she was seeking monetary damages in excess of $75,000 at the time the case was removed.[1] She alleges that she suffered "severe and debilitating injuries" including "permanent disability," and she seeks to recover for all sorts of past, present, and future categories of damages, including pain and suffering, and medical expenses; she also seeks to recover for lost earnings and lost earning capacity. Although generic, these are serious damage allegations that make it facially apparent that her claims exceed $75,000. Finally, the plaintiff has not

---

[1] Notably, plaintiffs are required by the Louisiana Code of Civil Procedure to make a general allegation regarding the amount of damages when necessary to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." La. Code. Civ. Proc. Art. 893(A)(1). The plaintiff made no such allegation in her state court petition.

shown "to a legal certainty" that her recovery will fall at $75,000 or below.[2]

Accordingly, because more than $75,000 was in controversy at the time of removal, IT IS ORDERED that the motion to remand is hereby DENIED.[2]

New Orleans, Louisiana, May 4th, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] That the plaintiff has filed a stipulation regarding the amount-in-controversy does not change the outcome of her motion to remand. Not only is this stipulation insufficient in that it falls short of affirmatively waiving her right to collect damages greater than $75,000, the Court properly disregards such post-removal stipulations when it is facially apparent from the plaintiff's petition that her claims exceed $75,000. See Gebbia, 233 F.3d at 883.

[2] Quite obviously, if, as plaintiff infers, her case is worth less than $75,000, she will take some amount less in a possible settlement.